IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| La Verne Koenig, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John Hoeven, Governor, Wayne Stenehjem, | ) | |
| Attorney General for the State of North | ) | |
| Dakota, Adams County States Attorney, | ) | |
| Barnes County States Attorney, Benson | ) | |
| County States Attorney, Billings County | ) | |
| States Attorney, Bottineau County States | ) | |
| Attorney, Bowman County States Attorney, | ) | |
| Burke County States Attorney, Burleigh | ) | |
| County States Attorney, Cass County States | ) | |
| Attorney, Cavalier County States Attorney, | ) | |
| Dickey County States Attorney, Divide | ) | |
| County States Attorney, Dunn County | ) | |
| States Attorney, Eddy County States | ) | Case No. 2:10-cv-50 |
| Attorney, Emmons County States Attorney, | ) | |
| Foster County States Attorney, Golden | ) | |
| Valley County States Attorney, Grand Forks | ) | |
| County States Attorney, Grant County | ) | |
| States Attorney, Griggs County States | ) | |
| Attorney, Hettinger County States Attorney, | ) | |
| Kidder County States Attorney, LaMoure | ) | |
| County States Attorney, Logan County | ) | |
| States Attorney, McHenry County States | ) | |
| Attorney, McIntosh County States Attorney, | ) | |
| McKenzie County States Attorney, McLean | ) | |
| County States Attorney, Mercer County | ) | |
| States Attorney, Morton County States | ) | |
| Attorney, Mountrail County States | ) | |
| Attorney, Nelson County States Attorney, | ) | |
| Oliver County States Attorney, Pembina | ) | |
| County States Attorney, Pierce County | ) | |
| States Attorney, Ramsey County States | ) | |
| Attorney, Ransom County States Attorney, | ) | |
| Renville County States Attorney, Richland | ) | |
| County States Attorney, Rolette County | ) | |
| States Attorney, Sargent County States | ) | |
| Attorney, Sheridan County States Attorney, | ) | |

| | |
|---|---|
| Sioux County States Attorney, Slope County States Attorney, Stark County States Attorney, Steele County States Attorney, Stutsman County States Attorney, Towner County States Attorney, Traill County States Attorney, Walsh County States Attorney, Ward County States Attorney, Wells County States Attorney, and Williams County States Attorney, all in their official and individual capacities, and their successors in office, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION AND ORDER**

Plaintiff La Verne Koenig ("Koenig") submitted a *pro se* complaint pursuant to 42 U.S.C. § 1983, a proposed motion for class certification, and an application to proceed *in forma pauperis* ("IFP"). After reviewing Koenig's statement of income and assets, the court finds he is unable to pay the filing fee. **IT IS ORDERED** that Koenig's application to proceed IFP (Doc. #1) is **GRANTED**. The Clerk of Court is directed to file the complaint without payment of fees.

**Background**

Koenig's complaint seeks monetary damages, injunctive relief, and a declaratory judgement against North Dakota Governor John Hoeven, North Dakota Attorney General Wayne Stenehjem, and the States Attorneys of every county in North Dakota, all in their official and individual capacities and their successors in office (collectively "defendants"). Koenig also seeks class certification. The court will not address Koenig's motion for class certification at this time.

Koenig was convicted in Traill County of permitting livestock to run at large in violation of N.D. Cent. Code § 36-11-01. See State v. Koenig, Case No. 49-08-K-00331. The statute

2

provides, "Any owner or possessor of livestock who willfully permits the livestock to run at large through failure to maintain a lawful fence as provided in section 47-26-01 . . . is guilty of a class B misdemeanor." N.D. Cent. Code § 36-11-01 (2003). Section 47-26-01 provides the definition of a legal fence. See N.D. Cent. Code § 47-26-01 (1973). Koenig claims he utilizes woven and electric fences, which are not explicitly within the definition of a legal fence in the statute. Id. Koenig contends the fencing requirements in section 47-26-01 are not adequate for the control of livestock, the statute is unconstitutionally vague and overbroad, and the defendants have not uniformly enforced the statute because they have selectively prosecuted plaintiff and proposed class members. Koenig seeks monetary damages in an undisclosed amount, a declaration that section 47-26-01 is unconstitutional, a declaration that his and the proposed class member constitutional rights were violated, and injunctive relief preventing defendants from enforcing section 47-26-01. Koenig also requests the court vacate all criminal convictions in state court obtained through the use of section 47-26-01.

### Review of the Complaint

Under 28 U.S.C. § 1915(e)(2), the court may *sua sponte* review an IFP complaint and dismiss the action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The court must liberally construe the allegations of a *pro se* complaint in a civil rights action. Kaylor v. Fields, 661 F.2d 1177, 1182-83 (8th Cir. 1981).

Under Article III of the Constitution the party invoking federal jurisdiction must establish (1) he suffered an "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) that the injury is redressable. Lujan v. Defenders of Wildlife, 504 U.S.

555, 560-61 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . ." Id. at 561. Koenig lacks standing to bring suit against several of the defendants because he has not alleged the States Attorneys of 52 of the North Dakota counties did anything to cause him an injury. Koenig has alleged that only the Traill County States Attorney prosecuted him for permitting livestock to run at large. Accordingly, it is **RECOMMENDED** that the complaint **BE DISMISSED** without prejudice for lack of standing as to the Adams County States Attorney, Barnes County States Attorney, Benson County States Attorney, Billings County States Attorney, Bottineau County States Attorney, Bowman County States Attorney, Burke County States Attorney, Burleigh County States Attorney, Cass County States Attorney, Cavalier County States Attorney, Dickey County States Attorney, Divide County States Attorney, Dunn County States Attorney, Eddy County States Attorney, Emmons County States Attorney, Foster County States Attorney, Golden Valley County States Attorney, Grand Forks County States Attorney, Grant County States Attorney, Griggs County States Attorney, Hettinger County States Attorney, Kidder County States Attorney, LaMoure County States Attorney, Logan County States Attorney, McHenry County States Attorney, McIntosh County States Attorney, McKenzie County States Attorney, McLean County States Attorney, Mercer County States Attorney, Morton County States Attorney, Mountrail County States Attorney, Nelson County States Attorney, Oliver County States Attorney, Pembina County States Attorney, Pierce County States Attorney, Ramsey County States Attorney, Ransom County States Attorney, Renville County States Attorney, Richland County States Attorney, Rolette County States Attorney, Sargent County States Attorney, Sheridan County States Attorney, Sioux County States Attorney, Slope County States Attorney,

Stark County States Attorney, Steele County States Attorney, Stutsman County States Attorney, Towner County States Attorney, Walsh County States Attorney, Ward County States Attorney, Wells County States Attorney, and Williams County States Attorney.

Prosecutors acting within the scope of prosecutorial duties are absolutely immune from lawsuits brought pursuant to 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 424-28 (1976). This immunity extends to claims of malicious prosecution. Id. at 428. The Traill County States Attorney prosecuted Koenig for permitting livestock to run at large in violation of N.D. Cent. Code § 36-11-01. See State v. Koenig, Case No. 49-08-K-00331. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler 424 U.S. at 431. Accordingly, it is **RECOMMENDED** that the complaint **BE DISMISSED** with prejudice as to the Traill County States Attorney.

As to the remaining defendants, Governor John Hoeven and Attorney General Wayne Stenehjem, Koenig asserts his suit is against them in their individual and official capacities. However, Koenig does not claim either of them individually did anything to him. Therefore, the court will construe Koenig's claims as against them in their official capacities only. The Eleventh Amendment bars an action for monetary damages against state officials acting in their official capacity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To the extent that Koenig's complaint seeks monetary damages against Governor John Hoeven and Attorney General Wayne Stenehjem, it is **RECOMMENDED** that portion of the complaint **BE DISMISSED** with prejudice. As to Koenig's claims seeking prospective relief against Governor John Hoeven and Attorney General Wayne Stenehjem, **IT IS ORDERED** that the Clerk of Court serve Governor John Hoeven and Attorney General Wayne Stenehjem with a copy of the

complaint and this Order/Report and Recommendations by certified mail. Upon service, defendants are directed to file an answer or other proper response within sixty (60) days after the district judge's order on the above recommendations.

The court cautions Koenig that this order does not address the merits of his complaint against Governor John Hoeven and Attorney General Wayne Stenehjem, but merely allows it to proceed with service on those defendants, who will then have an opportunity to respond to the allegations.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and by filing with the Clerk of Court no later than July 19, 2010 a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 1st day of July, 2010.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge